## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CIXXFIVE CONCEPTS, LLC, : | **COMPLAINT– CLASS ACTION** |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No._____ |
| : | |
| GETTY IMAGES, INC., : | |
| GETTY IMAGES (US), INC., and : | |
| LICENSE COMPLIANCE : | |
| SERVICES, INC. : | |
| : | **JURY TRIAL DEMANDED** |
| Defendants. : | |

## CLASS ACTION COMPLAINT

Plaintiff, CixxFive Concepts, LLC ("**CixxFive**"), by and through its counsel, individually and on behalf of all other similarly-situated citizens of the United States, hereby brings this Complaint against Defendants Getty Images, Inc. ("**Getty**"), Getty Images (US), Inc. ("**Getty US**"), and License Compliance Services Inc. ("**LCS**") (collectively, Getty, Getty US, and LCS, "**Defendants**") and respectfully alleges as follows upon information and belief, except for allegations regarding the Plaintiff:

### NATURE OF CASE

1.      This is a lawsuit brought by CixxFive, on behalf of itself and others similarly situated, alleging RICO, Washington Consumer Protection Act, and other claims against Defendants for fraudulently claiming ownership of copyrights in public domain images (which no one owns) and selling fictitious copyright licenses for public domain images (which no one can legally sell), including operating an enterprise of third-party contributors to perpetrate this egregious scheme.

2.	Through its website, Getty and/or Getty US sells purported copyright licenses for images that are in the public domain.

3.	Although charging money in exchange for copies of public domain images – in and of itself – is not illegal, Getty's and/or Getty US's conduct goes much further than this.

4.	Using a number of different deceptive techniques, Getty and/or Getty US misleads its customers and potential customers into believing that it or one of its third-party contributors owns the copyright to all of the images available on its website, and that a license from Getty and/or Getty US is required to use all of the images on its website. In so doing, Getty and/or Getty US purport to restrict the use of the public domain images to a limited time, place, and/or purpose, and purport to guarantee exclusivity in the use of public domain images.

5.	In truth, anyone is free to use public domain images, without restriction, and by definition in a non-exclusive manner, without paying Getty, Getty US, or anyone else a penny.

6.	Getty and/or Getty US has also used its subsidiary, LCS, to send letters to users of images, including users of public domain images, accusing them of copyright infringement.  By creating a hostile environment for lawful users of public domain images, Getty and/or Getty US has driven up the market for its own deceptive licensing of public domain images.

7.	Getty runs an enterprise that includes itself, its third-party contributors, its licensing arm (including but not necessarily limited to Getty US), its third-party "enforcement" clients, and its "enforcement" arm (including but not necessarily limited to LCS), that effectively creates a fraudulent and hostile environment for lawful users of public domain images.

8.	Getty's and/or Getty US's unlawful conduct drives up the market for its licensing services by misleading its customers into believing that Getty, Getty US, and/or their third-party contributors has an enforceable, exclusionary right in and to public domain images, which, in

truth, no one has. Getty's and/or Getty US's unlawful conduct is, at a minimum, knowing and intentional, or, on information and belief, malicious, as its practice of selling copyright licenses for public domain images has been the subject of litigation against it, yet it has continued to sell purported copyright licenses for images that it knows are in the public domain and, indeed, for images that it has even taken the position in litigation are in the public domain.

9.      All licensees who have paid Getty and/or Getty US a licensing fee for a public domain image should recover all damages available at law and equity.

10.     Absent Order of this Court and exemplary damages to deter such egregious conduct, CixxFive and the public at large will continue to be defrauded, misled, and irreparably injured by Defendants' unlawful acts.

## PARTIES

11.     Plaintiff, CixxFive Concepts, LLC, is a digital media marketing company located in Dallas, Texas.

12.     Defendant, Getty Images, Inc., is a corporation organized and existing under the laws of Delaware, having its principal place of business at 605 Fifth Ave South, Suite 400, Seattle, Washington 98104.

13.     Defendant, Getty Images (US), Inc., is a corporation organized and existing under the laws of New York, having its principal place of business at 605 Fifth Avenue South, Suite 400, Seattle, Washington 98104, and also having offices at 75 Varick Street, New York, New York 10013, and is operated under common control with Defendant Getty Images, Inc.

14.     Defendant, License Compliance Services Inc., is a corporation organized and existing under the laws of Delaware, having its principal place of business at 701 Fifth Avenue,

Suite 4200, Seattle, Washington 98104, and is owned by and operated under common control with Defendant Getty Images, Inc.

15.     CixxFive reserves the right to amend this Complaint to include any and all other corporations, business entities, or persons affiliated in any way with Defendants which are or may be responsible for or involved with the wrongful conduct alleged herein.

<u>**JURISDICTION AND VENUE**</u>

16.     Defendants have actively contracted to supply goods and/or services in the State of Washington, and within this Judicial District, and actively conduct business directly and through their representatives in the State of Washington, and within this Judicial District, in connection with the matters giving rise to this action.  Defendants are at home in Washington, and their principal places of business are in Washington.  As such, this Court has personal jurisdiction over each Defendant.

17.     Jurisdiction over the subject matter of this action arises under 28 U.S.C. § 1331.

18.     Venue is proper in this Court under 28 U.S.C. § 1965(a).

<u>**FACTUAL ALLEGATIONS**</u>

**I.     DEFENDANT GETTY'S CONDUCT**

**a. Defendant Getty is a stock photo company whose primary business is buying and selling copyright licenses for photographs, videos, music, and other media.**

19.     Getty is a Seattle-based stock photo company.

20.     Getty describes itself as follows on its website:

> Getty Images is among the world's leading creators and distributors of award-winning still imagery, video, music and multimedia products, as well as other forms of premium digital content, available through its trusted house of brands, including iStock© and Thinkstock©. / With its advanced search and image recognition technology, Getty Images serves business customers in more than 100 countries and is the first place

creative and media professionals turn to discover, purchase and manage images and other digital content. Its best-in-class photographers and imagery help customers produce inspiring work which appears every day in the world's most influential newspapers, magazines, advertising campaigns, films, television programs, books and online media. / Mark Getty and Jonathan Klein founded Getty Images in 1995 with the goal of turning a disjointed and fragmented stock photography market into a thriving, modernized industry able to meet the changing needs of visual communicators. It was the first company to license imagery via the web, moving the entire industry online.[1]

**b. Getty and/or Getty US offers and sells licenses to public domain images.**

21.　　Among the images that Getty and/or Getty US licenses are hundreds of thousands to millions of photographs that are in the public domain, including NASA images, White House press images, historical paintings and documents, and photographs that have been donated to the public domain by the authors.

22.　　For example, Getty and/or Getty US offers to let the user "Purchase a license" to a NASA photo of Saturn for $499.00 with "standard editorial rights" "or just $475.00 with an UltraPack," which is a five (5) pack of assets for $2,250.00.

 

(left: Getty Images photograph/right: original NASA photograph)[2]

---

[1] http://press.gettyimages.com/about-us/
[2] http://www.gettyimages.com/license/51181946

23.     Similarly, Getty and/or Getty US offers images released by the White House, such as the famous Osama Bin Laden Situation Room image from the White House, at the same $499.00 price or UltraPack rates:



(left: Getty Images photograph / right: Handout, White House photograph)[3]

24.     These images are in the public domain. No one is required to pay Getty and/or Getty US a penny to copy and use them. And Getty has no right to sell copyright licenses for them, as it has done and is doing.

25.     Getty's and/or Getty US's pricing structure for public domain images does not differ in any material way, if in any way at all, from the pricing structure it uses for copyrighted images. And the ancillary services or features offered along with the copyright licenses Getty and/or Getty US sells, like searchability of images and indemnification protections, do not differ in any material way, if in any way at all, with respect to public domain images versus copyrighted images.

26.     For example, Getty and/or Getty US licenses public domain images using a so-called "rights managed" licensing structure that Getty US itself has claimed allows it to guarantee exclusivity to its licensees.

---

[3] http://www.gettyimages.com/license/113485155

27.     In *Getty Images (US), Inc. v. Virtual Clinics*, the court found based on Getty US's evidence and arguments that "Getty customers who license rights-managed images have exclusive use and control of those images. Rights-managed images are often used by companies for major advertising campaigns, and customers pay a higher premium for the exclusivity associated with this model." *Getty Images (US), Inc. v. Virtual Clinics*, 2014 U.S. Dist. LEXIS 37611, *2 (W.D. Wash. 2014).

28.     The court in *Virtual Clinics* further noted:

> Getty contends that rights-managed images, like the two at issue here, are particularly subject to adverse commercial consequences when they are infringed because the images lose their exclusivity. It is therefore possible that Getty lost additional revenue from customers who might have licensed these images or other rights-managed images, but did not do so because Getty could not guarantee the images' exclusivity. Therefore, although the lost revenue and profits gained in this case seem to be relatively modest, the broader impact of the [defendants'] infringement on Getty's revenue generation supports a heightened statutory damages award. *Id*. at *8-9.

29.     Accordingly, Getty US, as the plaintiff in a copyright infringement case, has obtained a $300,000 judgment – the maximum statutory damages available in the case – precisely by successfully arguing that its "rights managed" model was based on exclusivity, which necessarily implicates copyrights and cannot possibly be a part of any public domain photograph "license."   Yet Getty and/or Getty US continues to license public domain images under a "rights managed" licensing model.

**c.   Getty and/or Getty US unlawfully profits from its deceptive appearance of copyright ownership in public domain images.**

30.     One aspect of the deceptive nature of Getty's and/or Getty US's licensing scheme is that Getty and/or Getty US claims copyright on all of the content on its website.  For example,

the bottom of each page of its website states: "All contents © copyright 1999-2019 Getty Images. All rights reserved."

31.     Also, specific public domain images are overlaid on Getty and/or Getty US's website with the © symbol followed by an entity or contributor name, indicating that the image is protected by copyright.  The same © symbol and information is also provided next to the public domain image.

32.     Getty's and/or Getty US's website terms agreement also states as follows: "Unless otherwise indicated, all of the content featured or displayed on the Site, including, but not limited to, text, graphics, data, photographic images, moving images, sound, illustrations, software, and the selection and arrangement thereof ("Getty Images Content"), is owned by Getty Images, its licensors, or its third-party image partners."[4]

33.     Getty's and/or Getty US's website terms agreement further states as follows: "All elements of the Site, including the Getty Images Content, are protected by copyright, trade dress, moral rights, trademark and other laws relating to the protection of intellectual property."[5]

34.     Getty's and/or Getty US's Content License Agreement also states, under the heading "Intellectual Property Rights," as follows: "**Who owns the content?** All of the licensed content is owned by either Getty Images or its content suppliers."[6] (emphasis in original)

35.     Similarly, Getty's and/or Getty US's Premium Access Agreement for subscription licensing customers states that "Any use of Licensed Material in a manner not expressly authorized by this Agreement … may constitute copyright infringement, entitling Getty Images to exercise all rights and remedies available to it under copyright laws around the world.

---

[4] https://www.gettyimages.com/company/terms
[5] *Id.*
[6] https://www.gettyimages.com/eula

Licensee shall be responsible for any damages resulting from any such copyright infringement, including any claims by a third party."

36.     Getty's and/or Getty US's licensing scheme is even more insidious than giving the appearance of copyright ownership in public domain images.  In particular, the licensing agreements also contain provisions that restrict how Getty's licensees may use the public domain work, even though public domain works can be used without restriction. Getty and/or Getty US are thus deceiving customers into paying Getty and/or Getty US to contractually *restrict* the broad rights the customers already have to freely use the public domain images for which Getty and/or Getty US are selling copyright licenses, rather than customers paying to *gain* any rights or exclusive use of the public domain images, as Getty and/or Getty US purport to be selling.

37.     For example, Getty's and/or Getty US's Content License Agreement prohibits the use of licensed public domain works in on-demand products, such as "postcards, mugs, t-shirts, calendars, posters, screensavers or wallpapers," or in electronic templates, such as "website templates, business card templates, electronic greeting card templates, and brochure design templates."[7]

38.     Getty's and/or Getty US's Premium Access Agreement contains similar restrictions on use.

39.     Therefore, Getty's and/or Getty US's licensing customers are not only paying a licensing fee for public domain images, the licensing agreement also deceptively purports to restrict the licensee's preexisting right to free and unfettered use of public domain images.

---

[7] https://www.gettyimages.com/eula

40.     There are also a number of specific sections on Getty's and/or Getty US's website endorsing the importance of copyright and asserting Getty's and/or Getty US's copyrights in and to its images.[8]

41.     For example, as late as August 2017, Getty's and/or Getty US's website included a "Copyright FAQ" page, where Getty and/or Getty US stated that "all the images we represent require an appropriate license for their use" and that *"[c]ustomers are not permitted to use imagery for any purpose without agreeing to a license."*[9]

42.     Getty's and/or Getty US's current website, under the "License Compliance" section of their copyright page, states as follows: "Getty Images is deeply committed to protecting the interests, intellectual property rights and livelihood of the photographers, filmmakers and other artists who entrust Getty Images to license their work. Use of an image without a valid license is considered copyright infringement in violation of copyright laws."[10]

43.     Getty's and/or Getty US's current website also defines a "License" as follows: "License is the permission granted by the copyright holder to copy, distribute, display, transform and/or perform a copyrighted work."[11]

44.     Getty's and/or Getty US's website also defines "public domain" as follows: "Public domain refers to works that are not restricted by copyright and do not require a license or fee to use. Works in the public domain are those whose intellectual property rights have expired, have been forfeited or are inapplicable."[12]

---

[8] http://wherewestand.gettyimages.com/copyright/#essentials
[9] https://web.archive.org/web/20170802210634/http://stories.gettyimages.com/copyright-faqs/
[10] http://wherewestand.gettyimages.com/copyright/#license_compliance
[11] http://wherewestand.gettyimages.com/copyright/#glossary
[12] Id.

45.     Getty's and/or Getty US's licensing customers are led to believe that every "license" they pay for through Getty and/or Getty US is a copyright license, even for the public domain images in the Getty and/or Getty US catalogue.

> **d.** **Getty's copyright enforcement efforts contribute to the hostile environment for legitimate users of the public domain.**

46.     Getty owns and/or controls License Compliance Services Inc. ("LCS")

47.     LCS has used computer programs and other means to "scrape" the internet to locate and identify allegedly infringing uses of photographic images.

48.     When LCS's computer software identified an alleged infringement, it would send a demand letter to the owner of the website alleging copyright infringement and demanded hundreds to thousands of dollars in payment.

49.     LCS is believed to have conducted these enforcement activities on behalf of Getty and/or Getty US itself, and on behalf of third party owners of image libraries.

50.     LCS has sent letters to businesses accusing them of infringing copyrights in public domain images.

51.     For example, LCS sent a letter to Carol Highsmith, the noted American photographer who has donated tens of thousands of images to the Library of Congress, accusing her nonprofit foundation of copyright infringement for using one of her own public domain images.[13]

52.     Such aggressive enforcement efforts have added to the already hostile environment Getty's licensing structure created for legitimate users of the public domain.

_____

[13] See Exhibit A

## II.  PLAINTIFF CIXXFIVE CONCEPTS

### a.  CixxFive Concepts is a digital marketing company

53.     CixxFive helps businesses with web design, online advertising, search engine optimization, and other digital marketing strategies and servies.

54.     In connection with the services it provides, CixxFive licenses images to use on customers' websites and blogs.

55.     CixxFive also licenses images to use on its own website and blog.

### b.  CixxFive has licensed public domain images from Getty and/or Getty US.

56.     Since approximately June 28, 2017, CixxFive has been licensing images from Getty and/or Getty US.

57.     On that date, CixxFive became a subscription licensing customer by agreeing to the Premium Access Agreement then in place.

58.     On or about May 25, 2018, CixxFive paid Getty and/or Getty US for a purported copyright license for the image shown below.



59.     The image licensed by CixxFive from Getty and/or Getty US is in the public domain and freely available on the Library of Congress website.[14]

60.     This image is fraudulently presented as a copyrighted image on Getty's and/or Getty US's website.   As seen below, it contains the copyright symbol © followed by "Corbis/VCG" – thereby indicating that Corbis/VCG owns the copyright to this image.

61.     The "Corbis/VCG" copyright claim is a reference to a third-party source of images that Getty and/or Getty US licenses through its website.

62.     Corbis/VCG does not have any copyright interest in the image below, because the image is in the public domain.



63.     Because this image was not included in CixxFive's subscription, CixxFive paid Getty and/or Getty US a separate license fee of $405.00 plus tax, for a total of $438.41, for a one-month "rights managed" license for this image.

---

[14] http://www.loc.gov/pictures/collection/highsm/item/2010630902/

64.     On or about September 17, 2018, CixxFive paid Getty and/or Getty US for a purported copyright license for the image shown below.



65.     This licensed image is available on the NASA website, and described as being "taken from the Shuttle Training Aircraft (STA) piloted by astronaut Steven R. Nagel."[15] On information and belief, this image is in the public domain.

66.     Because this NASA image was not included in CixxFive's original subscription, Getty and/or Getty US induced CixxFive to increase its subscription to a more expensive level that allowed access to this image.

### III.    GETTY'S WRONGFUL CONDUCT HAS INJURED CIXXFIVE AND THE PUBLIC, AND WILL CONTINUE TO DO SO UNLESS BROUGHT TO A HALT BY THIS COURT.

67.     Getty's and/or Getty US's actions as described hereinabove have injured CixxFive, including but not limited to causing CixxFive to pay licensing fees to use public domain images for which no license is required.

---

[15] https://science.ksc.nasa.gov/mirrors/images/images/pao/STS52/10065326.jpg;
https://science.ksc.nasa.gov/mirrors/images/images/pao/STS52/10065326.htm

68.     The economic damage that CixxFive and the putative class have suffered includes, without limitation, any and all revenue received by the Defendants based on purported copyright licenses sold for public domain images (including still and moving images).

## CLASS ACTION ALLEGATIONS

69.     Pursuant to FRCP 23(a), (b)(2) and (b)(3), Plaintiff brings this action on its own behalf and on behalf of a proposed Class of all other similarly situated persons in the United States consisting of:

> All persons or entities who entered into a license with Getty, and/or Getty US, and/or its/their predecessors-in-interest, or paid Getty, and/or Getty US, and/or its predecessors-in-interest, directly or indirectly, a licensing fee for a public domain image at any time in the last four (4) years, until the conduct alleged herein has ceased ("the Class").

70.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which any Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

71.     Upon information and belief, the Class consists of thousands of members. Accordingly, it would be impracticable to join all Class Members before the Court.

72.     CixxFive's claims are typical of the claims of Class Members, in that it shares the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to CixxFive and Defendants' conduct affecting Class Members, and CixxFive has no interests adverse to the interests other Class Members.

73.     CixxFive will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions.

74.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

75.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, if any.

76.     There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues.  Included within the common question of law or fact to be shown through common evidence are, at a minimum:

   a.  Whether Getty and/or Getty US sells purported copyright licenses for images that are in the public domain;

   b.  Whether Getty and/or Getty US misleads its customers and potential customers into believing that it and/or its third-party contributors owns the copyright to all of the images available on Getty's and/or Getty US's website, and that a license from Getty and/or Getty US is required to use all of the images on its website;

   c.  Whether Getty and/or Getty US has used a subsidiary, License Compliance Services, to send letters to users of public domain images accusing them of copyright infringement;

   d.  Whether Getty's, Getty US, and/or LCS's unlawful conduct drives up the market for Getty's and/or Getty US's licensing services by misleading its customers into believing that Getty and/or Getty US has an enforceable, exclusionary right in and to public domain images;

e. Whether Getty's and/or Getty US's licensing agreement contains deceptive licensing terms and purports to restrict the licensee's preexisting right to free and unfettered use of public domain images;

f. Whether Getty and/or Getty US knew or should have known that it was selling copyright licenses for public domain images;

g. Whether Getty and/or Getty US has violated the law by demanding and collecting fees for the use of public domain images based on false ownership claims despite not having a valid copyright in such images.

77.     Defendants' violations will be shown through common evidence, including common representations made on Getty's website and licensing terms.

78.     A class action is superior to other methods for the fair and efficient adjudication of this controversy because (i) there has been no interest shown of members of the class in individually controlling the prosecution of separate actions; (2) CixxFive is aware of no other litigation concerning the controversy already commenced by any member of the class; (3) it is desirable to concentrate the litigation in this forum; and (4) there are no difficulties likely to be encountered in the management of this class action.

## COUNT I:

### RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS PRACTICES ("RICO") ACT
### (18 U.S.C. § 1962)

79.     CixxFive adopts and incorporates by reference all allegations set forth in all paragraphs hereinabove as if fully restated in this paragraph.

80.     Getty is a culpable person.

81.    The culpable person Getty includes Getty Images Inc., and its subsidiaries Getty Images (US) Inc., and License Compliance Services Inc. References to "Getty" in this Count refer to all three of said entities.

82.    The Getty culpable person is distinct from the enterprise that it operates.

83.    The enterprise operated by Getty consists of itself, its third-party contributors, and its third-party copyright enforcement clients.

84.    Getty's contributors are third parties with whom Getty has contracted to license public domain images through its enterprise.

85.    Getty's copyright enforcement clients include third parties who contract with Getty and/or LCS to send copyright enforcement letters for image libraries that include public domain images.

86.    Getty's licensing and copyright enforcement activities are intentional, as evidenced at least by the fact that Getty is well-aware of the contractual license terms it uses and other misleading statements, such as the use of © on public domain images, on its own website. Getty intended to defraud its customers and copyright enforcement letter recipients, based at least on the false representation that it or its contributors owns the content Getty is licensing, the false representation that every image available on its site requires a license, and the material omission that the images it is licensing are in the public domain.

87.    Getty's racketeering activity includes engaging in a continuous pattern of wire fraud.

88.    Getty has used the internet to provide material misrepresentations regarding its alleged ownership over public domain images.

89.    Examples of Getty's material misrepresentations include, without limitation:

a. at the bottom of each page of Getty's website, the statement that "[a]ll contents © copyright 1999-2019 Getty Images. All rights reserved.";

b. the use of © on and next to public domain images;

c. in the Getty website terms agreement, the statement that "[u]nless otherwise indicated, all of the content featured or displayed on the Site . . . is owned by Getty Images, its licensors, or its third-party image partners.";

d. on Getty's FAQ page, in answering the question of whether customers can use "[Getty's] images for free," the statement that customers can sometimes "embed photos for free" but that "all other types of content usage on this website requires you to buy a license.";

e. Getty offering public-domain images under a "rights managed" licensing structure alongside copyrighted images with no difference in pricing and terms;

f. on Getty's FAQ page, the statement that "all the images we represent require an appropriate license for their use";

g. in Getty's Content License Agreement, under the heading **Intellectual Property Rights**, the statement: "Who owns the content? All of the licensed content is owned by either Getty Images or its content suppliers."

90. Each individual misrepresentation Getty has made is a violation of the wire fraud statute, and the overall impression given by all of the misrepresentations is a separate violation of the wire fraud statute, with respect to public domain images licensed by Getty.

91. Getty's customers who pay a licensing fee for a public domain image do not receive what they believe they are getting, which is a copyright license to a copyrighted image.

92.     Even worse, the licensing agreement used by Getty purports to restrict its customers' use of public domain images, which can be used freely without restriction as a matter of law.

93.     The licensing fees paid by Getty's customers for public domain images constitute an injury caused by Getty's false and misleading representations.

94.     This injury is a direct and foreseeable consequence of Getty's conduct.

95.     Getty's public domain licensing customers are also foreseeable victims of its fraudulent activities.

96.     Getty's deceptive licensing terms also state that Getty or its content suppliers own all intellectual property rights in the images it licenses.  No one can own intellectual property rights in a public domain image.

97.     CixxFive is one of many Getty licensing customers who has been injured as a result of Getty's fraudulent conduct.

98.     In violation of 18 U.S.C. § 1962(c), based at least on the foregoing, Getty is a culpable person who willfully or knowingly has committed or conspired to commit racketeering activity through a pattern of conduct involving a separate enterprise or association in fact, which has affected interstate commerce.

## COUNT II

### UNJUST ENRICHMENT

99.     CixxFive adopts and incorporates by reference all allegations set forth in all paragraphs hereinabove as if fully restated in this paragraph.

100.    CixxFive and the class members conferred a benefit on Defendants in the form of licensing fees.

101.     Defendants' acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendants' fraudulent and misleading conduct as set forth herein.

102.     Equity cannot in good conscience permit Defendants to be economically enriched for such actions at CixxFive's and Class Members' expense, and therefore restitution and/or disgorgement of such economic enrichment is required.

## COUNT III

### BREACH OF CONTRACT

103.     CixxFive adopts and incorporates by reference all allegations set forth in all paragraphs hereinabove as if fully restated in this paragraph.

104.     CixxFive entered into a license agreement with Getty US wherein it represented that "it has all necessary rights and authority to enter into and perform this Agreement" or that "All of the licensed content is owned by either Getty Images or its content suppliers."

105.     CixxFive is informed and believes that Getty US's licensing agreements are the same or substantially similar as to all Class members, particularly with respect to Getty US's claim of ownership over public domain images.

106.     CixxFive has satisfied its obligations under each such licensing agreement with Getty US.

107.     Getty US does not own any copyright interest in or to the public domain images in its collection, including without limitation the ones for which CixxFive paid Getty US for a purported copyright license, and as a result of its unlawful and false assertions of the same, Getty US has violated the representations and warranties made in the licensing agreements, thereby materially breaching the licensing agreements.

108.    By reason of the foregoing, CixxFive and the Class have been damaged in an amount to be determined at trial.

## COUNT IV

### VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT
### (REV. CODE WASH. ANN. §§ 19.86.010, *et seq.*)

109.    CixxFive adopts and incorporates by reference all allegations set forth in all paragraphs hereinabove as if fully restated in this paragraph.

110.    Defendants committed the acts complained of herein in the course of "trade" or "commerce" within the meaning of REV. CODE WASH. ANN. § 19.96.010.

111.    The Washington Consumer Protection Act ("CPA") broadly prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce." WASH. REV. CODE. WASH. ANN. § 19.96.010.

112.    Defendants engaged in unfair and deceptive acts and practices and violated the CPA by misleading their customers and potential customers into believing that Getty, Getty US, and/or their third-party contributors own the copyright to all of the images available on Getty's and/or Getty US's website, that a license from Getty and/or Getty US is required to use all of the images on its website, and that Getty and/or Getty US has an enforceable, exclusionary right in and to public domain images.

113.    In the course of their business, Defendants mislead their customers and potential customers into believing that Getty, Getty US, and/or their third-party contributors owns the copyright to all of the images available on Getty's and/or Getty US's website, that a license from Getty and/or Getty US is required to use all of the images on its website, and that Getty and/or Getty US has an enforceable, exclusionary right in and to public domain images as alleged herein and otherwise engaged in activities with a tendency or capacity to deceive.  Defendants also

engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the transactions alleged herein.

114.    In the course of Defendants' business, they willfully failed to disclose and actively concealed that a license from Getty, Getty US, and/or their third-party contributors is not required to use all of the images on its website, including public domain images as discussed above.

115.    Defendants' unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including CixxFive, about whether a license was required to use public domain images.

116.    Defendants intentionally and knowingly misrepresented material facts regarding the public domain images with intent to mislead CixxFive and the putative Class.

117.    Defendants knew or should have known that their conduct violated the CPA.

118.    As alleged above, Defendants made material statements about the public domain images on Getty's and/or Getty US's website that were either false or misleading.

119.    CixxFive and the putative Class suffered ascertainable loss caused by Defendants' misrepresentations and their concealment of and failure to disclose material information.

120.    Defendants violations present a continuing risk to CixxFive as well as to the general public.  Defendants' unlawful acts and practices complained of herein affect the public interest.

121.    As a direct and proximate result of Defendants' violations of the CPA, CixxFive and the putative Class have suffered injury-in-fact and/or actual damage.

122.    Defendants are liable to CixxFive and the putative Class for damages in amounts to be proven at trial, including attorneys' fees, costs, and treble damages, as well as any other remedies the Court may deem appropriate under REV. CODE. WASH. ANN. § 19.86.090.

## COUNT V

### Declaratory Judgment and Injunctive Relief Under 28 U.S.C. § 2201

123.    CixxFive adopts and incorporates by reference all allegations set forth in all paragraphs hereinabove as if fully restated in this paragraph.

124.    An actual controversy has arisen and now exists between CixxFive and the other Class members, on one hand, and Defendants on the other hand, concerning their respective rights and duties. CixxFive and the other Class members contend that Defendants do not have any copyright or other exclusive right in or to the public domain images they are licensing.

125.    A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that CixxFive and the putative class may determine what, if any, further obligations they owe to Defendants with respect to the public domain photos licensed by Defendants.

126.    Further, CixxFive and the putative Class seek to require Defendants to clearly identify the public domain images they are licensing and inform licensees and potential licensees that such images may be freely used without restriction.

127.    CixxFive also seeks injunctive relief to enjoin Defendants from wielding a false claim of ownership of over intellectual property that is rightfully in the public domain, so that CixxFive, the Class, and the public in general may freely use and enjoy it.

## COUNT VI

### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF UNDER 28 U.S.C. § 2202

128.   CixxFive adopts and incorporates by reference all allegations set forth in all paragraphs hereinabove as if fully restated in this paragraph.

129.   CixxFive and the Class have been harmed, and Defendants have been unjustly enriched, by the activities described above.

130.   CixxFive seeks relief for itself and the Class upon entry of declaratory judgment upon Count V, as follows:

    a.   an injunction to prevent Defendants from making further representations of ownership of copyright for any public domain images;

    b.   restitution to CixxFive and the Class of license fees paid to Defendants, directly or indirectly through their agents, in connection with the purported licenses it has sold to CixxFive and the Class;

    c.   an accounting for all monetary benefits obtained by Defendants, directly or indirectly through their agents, from CixxFive and the Class, in connection with their false claim of copyright ownership for public domain images;

    d.   such other further and proper relief as this Court sees fit.

### PRAYER FOR RELIEF

For the reasons set forth above, Plaintiff CixxFive respectfully requests that the Court enter judgment for CixxFive and against Defendants as follows:

    a.   An order certifying the Class;

    b.   An Order under 18 U.S.C. §1964(a) prohibiting Getty and Getty US from engaging in the type of endeavor that the enterprise is engaged;

c. An award of actual damages, treble damages, and costs of suit under 18 U.S.C. §1964(c) to CixxFive;

d. An award of actual damages, treble damages, costs of suit and reasonable attorneys' fees under WASH. REV. CODE. WASH. ANN. § 19.86.090.

e. An Order declaring that all public domain images licensed by Defendants are not protected by federal copyright law, are dedicated to public use, and are in the public domain;

f. An Order permanently enjoining Defendants from asserting or representing that they and/or their third-party contributors have any copyright ownership interest in the public domain images in Defendants' collection;

g. An accounting and imposition of a constructive trust upon the money Defendants have collected from CixxFive and the Class for use of the public domain images in Defendants' collection;

h. An Order that Defendants be required to return to CixxFive and the Class all licensing fees or other fees Defendants have collected from them, directly or indirectly through its agents, for use of the public domain images in Defendants' collection;

i. Awarding CixxFive all available pre-judgment and post-judgment interest on all amounts of any judgment;

j. Awarding CixxFive and the Class reasonable attorneys' fees and costs; and

k. Awarding CixxFive all other relief to which it may be justly entitled.

Respectfully submitted,

Edward H. Moore, WSBA #41584
emoore@ehmpc.com
**Law Offices of Edward H. Moore, P.C.**
3600 15th Ave. W., Ste. 300
Seattle, WA 98119-4204
Telephone: (206) 826-8214

AND

R. Dean Gresham (*PHV* Application Forthcoming)
Texas Bar No. 24027215
dean@stecklerlaw.com
Bruce Steckler (*PHV* Application Forthcoming)
Texas Bar No. 00785039
bruce@stecklerlaw.com
Stuart L. Cochran (*PHV* Application Forthcoming)
Texas Bar No. 24027936
stuart@stecklerlaw.com
L. Kirstine Rogers (*PHV* Application Forthcoming)
Texas Bar No. 24033009
krogers@stecklerlaw.com
Braden M. Wayne (*PHV* Application Forthcoming)
Texas Bar I.D. 24075247
braden@stecklerlaw.com
**Steckler Gresham Cochran PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, TX 75230
Telephone: 972-387-4040
Facsimile: 972-387-4041

AND

James R. Gourley (*PHV* Application Forthcoming)
Texas Bar I.D. 24050679
gourley@cclaw.com
**Carstens & Cahoon, LLP**
13760 Noel Road, Suite 900
Dallas, Texas 75240
Telephone: (972) 367-2001

AND

Michael R. Steinmark (*PHV* Application Forthcoming)
Texas Bar I.D. 24051384
Missouri Bar I.D. 69546
*msteinmark@settlepou.com*
**SETTLEPOU**
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
Telephone: (214) 520-3300
Facsimile: (214) 526-4145

**ATTORNEYS FOR PLAINTIFF,
CIXXFIVE CONCEPTS, LLC**

# EXHIBIT A

**Subject:** Unauthorized Use of Alamy Image(s) - Case Number 380913878 (Ref: 1031-7385-3953)

**Date:** Monday, December 14, 2015 at 1:32:59 PM Eastern Standard Time

**From:** LCS@LCS.global <LCS@LCS.global>

**To:** info@ThisIsAmericaFoundation.org <info@ThisIsAmericaFoundation.org>

 

**License Compliance Services, Inc.** on behalf of **Alamy**
Columbia Center, 701 Fifth Avenue, 42th Floor, Suite 4272
Seattle, WA 98104, United States
Email: LCS@LCS.global, Telephone: +1 855 387 8725, www.LCS.global

December 14, 2015

Case Number: 380913878

Dear This is America! Foundation ,

We have seen that an image or image(s) represented by Alamy has been used for online use by your company. According to Alamy's records your company doesn't have a **valid license for use of the image(s)**.

**To view the image(s)** in question go to:
https://settle.lcs.global/103173853953

Although this infringement might have been unintentional, use of an image without a valid license is considered copyright infringement in violation of the Copyright Act, Title 17, United States Code. This copyright law entitles Alamy to seek compensation for any license infringement.

**We would like to work with you to resolve this matter (Case Number: 380913878):**

_____

_____

- **If we are wrong and you do have a valid license:**

   Please email the license purchase information to LCS@LCS.global within 10 business days of the date of this letter.

- **If you do not have a valid license, but** would like to continue to use the image(s) in question**:**

   Get in touch by email at LCS@LCS.global or call +1 855 387 8725 and we will assist you.

   You will still need to make a settlement payment of $120.00.

- **Alternatively:** You need to stop using the image(s) straight away. In addition, you need to make a settlement payment of $120.00.

**Payment Options (settlement fee: $120.00)**
_____

- **Pay online at**: **https://settle.lcs.global/103173853953**

- **Remit Check Payment To:**

  License Compliance Services
  Picscout Inc.
  Columbia Center, 701 Fifth Avenue, 42th Floor, Suite 4272
  Seattle, WA 98104
  United States

  Please include Reference Number 1031-7385-3953 with check payment.

- **Alternatively, you may contact us at +1 855 387 8725.**

If you believe you have mistakenly received this letter, please contact us by email at LCS@LCS.global, or call +1 855 387 8725 and we will assist you.

This letter is without prejudice to Alamy's rights and remedies, all of which are expressly reserved.

Sincerely,

**License Compliance Services**
LCS@LCS.global

### Frequently Asked Questions

**What is Alamy?**

Alamy is a privately owned online photo agency for stock imagery, video and live news. It was launched in 1999 and its headquarters are located on Milton Park, near Abingdon, Oxfordshire, U.K. Images are sourced from over 35,000 individual photographers and 600 picture agencies from around the world. 25,000 new images are added everyday, keeping the collection fresh and up to date. Our customers range from press and publishing groups, advertising and design agencies and corporate marketing departments to bloggers, internal communication departments and individual buyers.

**Why is Alamy contacting me?**

Your website was recognized by an internet service Alamy uses to identify all online uses of images we represent. We've checked and there is no record of a valid license for use of the image(s) identified online.

**What if I didn't know?**

You may have employed a third party, former worker or intern to design and develop your company's site. However, the liability of any infringement ultimately falls on the company (the end user) who hired that party, employee or intern. You may have been unaware this material was subject to license. The Copyright Act treats infringements as "no fault," meaning anyone who copies, displays or publicly distributes a photograph infringes the copyright whether they were aware that the use was infringing or not.

**What if I simply remove the image?**

While we appreciate the effort of removing the material in question from your site, we still need compensation. Your company has benefited by using our imagery without our permission. As the unauthorized use has already occurred, payment for that benefit is necessary.

**What if I need to speak further with somebody to discuss this matter?**

Please either email us at [LCS@LCS.global](mailto:LCS@LCS.global) or call +1 855 387 8725.